UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PATRICK CHARLES McKENNA, | ) | |
| Petitioner, | ) | 2:11-cv-00191-JCM-PAL |
| vs. | ) | |
| | ) | ORDER |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |
| | ) | |

On November 18, 2011, the respondents filed a motion to dismiss (ECF No. 28) in response to the petitioner's amended petition for habeas corpus relief (ECF No. 14). Rather than file an opposition to that motion, the petitioner, Patrick McKenna, filed a motion for stay and abeyance (ECF No. 34). The court will grant the motion for stay, and stay this action pending the conclusion of McKenna's ongoing state-court habeas corpus proceedings. The court will deny the motion to dismiss as moot.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

10 (1992). The amended petition in this action is a mixed petition – it contains both exhausted and unexhausted claims.

McKenna requests that this action be stayed while he completes exhaustion of all his claims in state court. McKenna argues – correctly – that, if his mixed amended petition is dismissed without prejudice, he may face limitations issues when he attempts to file a new federal petition after exhausting claims in state court. This is because of the well-settled rule that the pendency of a federal habeas petition does not result in statutory tolling of the one-year limitation period imposed by AEDPA.[1] *See* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of federal habeas petition does not toll limitations period); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (regarding "protective petitions"). If this case were simply dismissed at this point, the statute of limitations might well bar McKenna from filing a new federal habeas petition.

The United States Supreme Court has authorized a procedure permitting the issuance of a stay in order to permit a petitioner to exhaust claims in light of the one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Court cautioned that stay and abeyance, if too frequently used, would undermine AEDPA's goals of prompt resolution of claims and deference to state court rulings. *Id*. at 276. Generally, in order to obtain "stay and abeyance," a petitioner must show: 1) good cause for the failure to exhaust claims in state court; 2) that unexhausted claims are potentially meritorious; and 3) the absence of abusive tactics or intentional delay. *Id*., *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

Here, respondents do not dispute that McKenna can satisfy the *Rhines* factors, nor do they necessarily object to granting McKenna's motion for stay and abeyance. See ECF No. 36. They do, however, ask that the stay be governed by the following conditions: 1) After disposition of his claims by the Nevada Supreme Court, McKenna shall be subject to a firm deadline to file the motion to reopen his case. 2) McKenna shall be given only one opportunity to return to state court to exhaust his claims. 3) Any further presentation of unexhausted claims will be dismissed without

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996.

allowing a return to state court to exhaust.  4) Upon returning to this court, McKenna is not permitted to make any factual additions to previously exhausted claims that significantly change the posture of those claims.

The court is satisfied that the *Rhines* factors are present in this case.  Thus, the stay shall be granted.  The conditions set forth by the respondents are reasonable and, for the most part, ones that the court would impose anyway.  In addition, McKenna has filed no objection to them.  Thus, they shall govern the stay.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 34) is GRANTED.  This action is STAYED to allow petitioner to exhaust, in state court, all his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that, on or before **June 15, 2012**, petitioner shall file and serve a status report, describing the status of his state-court proceedings.  Thereafter, during the stay of this action, petitioner shall file such a status report every 6 months (on or before December 15, 2012; June 15, 2013; December 15, 2013; etc.).  Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service.  If necessary, petitioner may reply within 15 days of service of the response.

**IT IS FURTHER ORDERED** that petitioner shall be given only one opportunity to return to state court to exhaust his claims.  Any further presentation of unexhausted claims in this action will be dismissed without allowing a return to state court to exhaust.  Upon returning to this court, petitioner is not permitted to make any factual additions to previously exhausted claims that significantly change the posture of those claims.

**IT IS FURTHER ORDERED** that following the conclusion of petitioner's state court proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

1 **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 28) is
2 DENIED as moot.
3 **IT IS FURTHER ORDERED** that respondents' motion to substitute party (ECF NO. 34) is
4 GRANTED.  The Clerk of the Court shall substitute Renee Baker for E.K. McDaniel, on the docket,
5 as the respondent warden in this action, and shall update the caption of the action to reflect this
6 change.
7 DATED:   May 9, 2012.

_____
UNITED STATES DISTRICT JUDGE